**Charles C. MATTINGLY, III, KBA Member No. 82551, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2011–SC–000779–KB.**

Supreme Court of Kentucky.

April 26, 2012.

## OPINION AND ORDER

The Kentucky Bar Association (hereinafter "KBA") recommends disciplinary action against Movant, Charles C. Mattingly, III, who was admitted to the practice of law in the Commonwealth of Kentucky on November 4, 1988, and whose KBA member number is 82551. Movant's bar roster address is 223 S. Main Street, P.O. Box 72, Hardinsburg, KY 40143.

This matter stems from Movant's dual representation of Jeremy Harper and William T. Dowell, who were arrested in Breckenridge County for possession of stolen checks in April of 2002. Mr. Harper was charged with two (2) counts of criminal possession of a forged instrument in the second degree. Mr. Dowell was charged with twenty-eight (28) counts of criminal possession of a forged instrument in the second degree, as well as possession of a handgun by a convicted felon and being a persistent felony offender (PFO) in the second degree.

At the arraignment on June 5, 2002, Movant did not inform the judge that he represented both defendants until after the Commonwealth had brought it to the attention of the court. The judge warned Movant about a possible RCr 8.30 issue requiring separate counsel for the co-defendants, and Movant assured the trial court that he understood. However, Movant continued representing both Mr. Harper and Mr. Dowell and did not obtain a written waiver of a conflict of interest from either co-defendant.

On August 6, 2002, Movant solicited, typed, and notarized an affidavit from Mr. Dowell stating that he was solely responsible for all the crimes, and that Mr. Harper was not guilty. Movant also solicited an affidavit from Mr. Harper's sister, Tabitha Harper, stating that her brother was not guilty of any crimes. On September 4, 2002, the PFO charge was dismissed against Mr. Dowell and he pled guilty to the remaining charges. Mr. Dowell was sentenced to five (5) years in prison.

On November 8, 2002, Movant was notified by the Commonwealth's Attorney that Mr. Dowell had been subpoenaed to testify at Mr. Harper's trial. Movant did not notify the judge of the possible conflict of interest until Mr. Harper's pre-trial conference on November 20, 2002. The judge then ordered Movant to withdraw as counsel from the case. Mr. Harper eventually pled guilty to two (2) counts of criminal possession of a forged instrument in the second degree and was granted probation.

On June 22, 2005, Mr. Harper filed a complaint against Movant with the KBA. On September 8, 2006, the Inquiry Commission of the KBA charged Movant with three violations of the Kentucky Rules of Professional Conduct. Count I charged him with violation of SCR 3.130–1.7(b) by engaging in a conflict of interest between clients by representing each co-defendant with knowledge that their interests were

adverse and without consent of each client. Count II charged him with violation of SCR 3.130–3.4(c) by knowingly and intentionally disobeying an obligation under the rules of a tribunal (RCr 8.30). Count III charged him with violation of SCR 3.130–8.1(a) by knowingly making false statements of material fact in his response to this Bar Complaint.

At the evidentiary hearing, Movant stipulated that he failed to obtain a written waiver from the co-defendants of the potential conflict of interest. Movant also stipulated that neither the District Court nor the Circuit Court records contained a written waiver.

The false statements contained in Movant's response to the Bar Complaint included that the co-defendants shared a joint trial date at the time he asked the trial court for permission to withdraw as counsel; that Mr. Dowell had not pled guilty prior to Movant's request to be allowed to withdraw from his representation of Mr. Harper; that Mr. Dowell was present in court on November 20, 2002, at which time Movant first discovered the need to withdraw as counsel; that Movant had previously advised the trial court of his dual representation and the potential for conflict; and that each co-defendant had waived any conflict of interest in open court. Movant acknowledged that the statements were false, but asserted that he composed his response from memory and thought the statements were true at the time he wrote them.

The Trial Commissioner filed his Order and Amended Report on July 1, 2011, finding Movant guilty of all three counts.[1] The Report recommended that Movant be suspended from the practice of law in the Commonwealth of Kentucky for thirty (30) days; that he be required to attend eight (8) hours of the Ethics and Professionalism Enhancement Program (EPEP) and pay any costs associated with the EPEP; and that he pay the costs of these proceedings.

The Trial Commissioner considered several aggravating factors in deciding which sanctions to impose. First, the Trial Commissioner considered Movant's previous violation of SCR 3.130–1.7(b)(2), whereby he failed to secure the consent of two clients for his dual representation of them. Movant received a private admonition for that initial violation. Second, the Trial Commissioner considered Movant's multiple rule violations in this Charge, to-wit: false statements of fact contained in his response to the Bar Complaint; the ages and limited education of the co-defendants, including personality disorders suffered by Mr. Harper; Movant's refusal to acknowledge the wrongful nature of his conduct at the hearing held on August 26, 2010; and Movant's substantial experience in the practice of criminal law at the time of his representation of the co-defendants.

■ Movant appealed these findings to the Board of Governors. The Board of Governors considered this matter on November 18, 2011. After considering the briefing of both parties and hearing Oral arguments, the Board rejected the Trial Commissioner's Report, pursuant to SCR 3.370(6), by a vote of 16 to 3. By a vote of 19 to 0, the Board found Movant guilty of Count J of the Charge of violating SCR 3.130–1.7(b). By a vote of 11 to 8, the Board found Movant guilty of Count II of the Charge of violating SCR 1.130–3.4(c). By a vote of 8 to 11, the Board found Movant not guilty of Count III of the Charge of violating SCR 1.130–8.1(a).

1. The Amended Report was entered in response to the parties' motions to amend the original Report filed on May 25, 2011.

**174**

The Board recommended that Movant receive a public reprimand; that he be required to attend eight (8) hours of the EPEP and pay any costs associated with the EPEP; and that he pay the costs of these proceedings in the amount of $2,395.23, pursuant to SCR 3.450.

Based upon the foregoing, this Court adopts the recommendation of the Board of Governors. Accordingly, it is hereby ORDERED that:

(1) Movant, Charles C. Mattingly, III, KBA Member No. 82551, is guilty of violating SCR 3.130–1.7(b) and SCR 3.130–3.4(c).

(2) Movant is publicly reprimanded for his professional misconduct.

(3) In accordance with SCR 3.450, Movant is directed to pay costs of $2,395.23 associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Opinion and Order. Movant is further directed to pay any costs associated with the EPEP.

All sitting. All concur.
ENTERED: April 26, 2012.
/s/ John D. Minton
Chief Justice